# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUY.COM, INC., a Delaware corporation,<br><br>                                    PLAINTIFF(S)<br>                v.<br>WEBMAGIC VENTURES, LLC, a California Limited Liability Company; and DOES 1-100,<br><br>                                    DEFENDANT(S). | CASE NUMBER<br><br>**SACV08-00510 JVS (MLGx)**<br><br>**SUMMONS** |

TO: DEFENDANT(S): <u>WEBMAGIC VENTURES, LLC, a California Limited Liability Company</u>

A lawsuit has been filed against you.

Within <u>  20  </u> days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Gregory S. Tamkin/Dorsey & Whitney</u>, whose address is <u>370 17th Street, Suite 4700, Denver, CO  80202</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated: MAY - 7 2008

Clerk, U.S. District Court

By: _____
       Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

| | |
|---|---|
| 1 | GREGORY S. TAMKIN (Bar No. 175009)<br>DORSEY & WHITNEY LLP |
| 2 | 370 17th Street, Suite 4700<br>Denver, Colorado 80202-5647 |
| 3 | Telephone: (303) 629-3400 |
| 4 | CHRISTY BERTRAM (Bar No. 222296)<br>DORSEY & WHITNEY LLP |
| 5 | 38 Technology Drive, Suite 100<br>Irvine, California 92618-5310 |
| 6 | Telephone: (949) 932-3600 |
| 7 | Attorneys for Plaintiff,<br>BUY.COM, INC. |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUY.COM, INC., a Delaware corporation,<br><br>    Plaintiff,<br>v.<br>WEBMAGIC VENTURES, LLC, a California Limited Liability Company; and DOES 1-100,<br><br>    Defendants. | Case No. **SACV08-00510 JVS (MLGx)**<br><br>**COMPLAINT FOR:**<br>(1) Trademark Infringement Under the Lanham Act, 15 U.S.C. § 1114;<br>(2) False Designation of Origin and Unfair Competition Under the Lanham Act, 15 U.S.C. § 1125(a);<br>(3) Cybersquatting Under the Lanham Act, 15 U.S.C. § 1126(d);<br>(4) Common Law Trademark Infringement;<br>(5) Unfair Competition under California Bus. & Prof. Code § 17200 *et seq.*;<br>(6) Common Law Unfair Competition; and<br>(7) Declaratory Judgment Under 28 U.S.C. § 2201.<br><br>**JURY DEMAND** |

COMPLAINT

For its complaint, Plaintiff Buy.Com, Inc. alleges as follows:

## NATURE OF THE CASE

1. Plaintiff is a global leader in e-commerce that has sold high-quality electronic and technology products through its website, <buy.com> since at least 1997. Plaintiff has over 2 million products offered for sale on its website, and sells to over 10 million customers all over the world. Plaintiff's name and website have become synonymous with quality electronics at competitive prices, and Plaintiff has spent tens of millions of dollars over a number of years marketing its products and services to become a leader in its industry. In contrast to actually selling products, Defendant, in relevant part, registers domain names for the purpose of generating revenue through "click-through" advertising. Defendant is the registrant of and operates the website domain, < buys.com>. Defendant generates revenue by generating click-stream advertising for companies that are direct competitors with Plaintiff in the electronic and high-technology industry, such as eBay and Amazon. Through the buys.com website, Defendant is causing confusion between itself and Plaintiff's website, <buy.com>, so that it can trade on Plaintiff's goodwill that it has spent years and millions of dollars developing. There is no doubt that consumers are reaching the buys.com website when they are intending to conduct e-commerce activity on the buy.com website. Upon information and belief, Plaintiff lost a significant amount of visibility and ultimately sales by consumers who mistakenly associate Plaintiff with Defendant's buys.com website. As a result, Defendant is liable to Plaintiff for the claims for relief set forth in detail below.

2. This is an action for trademark infringement, cybersquatting, unfair competition under the Lanham Act, and for declaratory judgment pursuant to 28 U.S.C. § 2201, and pendent common law claims for unfair competition, deceptive trade practices and unjust enrichment.

## PARTIES

3. Plaintiff Buy.com, Inc. is a Delaware corporation with its principal place of business in Aliso Viejo, California.

COMPLAINT

2

4. Upon information and belief, Defendant WebMagic Ventures, LLC is a California limited liability company with its principal place of business located in Pasadena, California.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b). Thus Court has supplemental jurisdiction over Plaintiff's common law claims pursuant to 28 U.S.C. § 1367(a).

6. This Court has personal jurisdiction over Defendant because Defendant's principal place of business is located within this District in Pasadena, California.

7. Venue is proper in the United States District Court for the Central District of California under 28 U.S.C. §§ 1391(b) and 1391(c).

## ALLEGATIONS COMMON TO ALL CLAIMS

8. Plaintiff is a leading e-commerce company that provides high-quality technology and entertainment retail goods through its website <buy.com.>

9. Plaintiff began doing business in 1997 as BUYCOMP LLC, and consolidated businesses to become Buy.Com, Inc. in 1998. Since at least 1998, Plaintiff operated the website buy.com to market and sell products. Within a few years of its website's going "live," Plaintiff became the fastest growing start-up company ever, competing with industry rivals such as eBay and Amazon. In 2003, Nielsen ranked <buy.com> number 3 among fastest growing retail websites. Recently, <buy.com> was named one of the Top 50 websites of 2007 by Internet Retailer, and in 2006, <buy.com> was named one of the best places to buy consumer electronics in the "21st Annual Shopper's Choice Awards Best Places to Buy."

10. Buy.Com, Inc. owns at least three relevant trademarks related to its business, which marks are registered on the Principal Register of the United States Patent and Trademark Office, including:

    A. BUY.COM for electronic retail goods and services (Reg. No. 2,670,844).

   B.   B BUY.COM for electronic retail goods and services (Reg. No. 2,376,895).

   C.   BUY MAGAZINE for promoting the goods and services of others and providing an online magazine on various subjects, including electronics (Reg. No. 2,877,749)

11. BUY.COM, B BUY.COM and BUY MAGAZINE (collectively, the BUY.COM Marks) are federal trademark registrations and have not been abandoned, canceled or revoked.

12. Since their first use, Plaintiff has continuously used the BUY.COM marks in advertising and marketing materials to promote its goods and services. Indeed, Plaintiff has spent tens of millions of dollars in advertising since 1997 to promote its goods and services under the BUY.COM Marks in various forms of national media, including the Internet, television and high-profile sports sponsorships.

13. As a result of Plaintiff's aggressive marketing over the years, the general public, and Internet consumers in particular, have come to know and recognize the BUY.COM Marks, its website and the associated products and goods such that the public immediately knows and recognizes that that BUY.COM Marks originate and belong to Buy.Com, Inc. Throughout the past 10 years, Plaintiff has used the BUY.COM Marks to build and establish considerable goodwill in the online retail industry. In fact, through the use of these marks, Plaintiff is universally recognized as a leader in e-commerce and as a provider of superior goods and services, and is visited by over 5 million US shoppers each month.

14. Based on its use of the BUY.COM Marks and its registrations with the Patent and Trademark Office, Plaintiff has the exclusive right to use the BUY.COM Marks in connection with the sales of electronic merchandise.

15. Defendant is the registrant of the Internet domain name <buys.com>. Defendant uses the <buys.com> website to profit from the BUY.COM Marks. Specifically, Defendant's <buys.com> website contains numerous advertisements for and/or hyperlinks

to a variety of products and services that compete directly with Plaintiff, such as eBay and Dell. Upon information and belief, Defendant receives a payment when Internet users click on one or more links or advertisements on the <buys.com> website. Defendant receives these payments from one or more advertisers, affiliate programs, and/or search engines. A true and correct copy of the website home page is attached hereto as Exhibit 1 and is incorporated herein by this reference.

16. Upon information and belief, when a consumer looking for <buy.com> lands on Defendant's <buys.com> website, that consumer may click on one of the advertisements or hyperlinks on the site either because the consumer finds it easier to click on the advertisement or hyperlink than to continue searching for the <buy.com> site, or because the consumer mistakenly believes Plaintiff has authorized or endorsed the advertisements and hyperlinks. In either case, the consumer has been diverted from the <buy.com> website, and to the extent a purchase was made elsewhere, Plaintiff has lost revenue from a sale and lost the goodwill and market share associated with making that sale.

17. By virtue of using and registering a domain name that is confusingly similar to Plaintiff's BUY.COM Marks, Defendant is improperly trading on the goodwill that Plaintiff has developed through years and millions of dollars of advertising. Such use of a domain name that is so confusingly similar to Plaintiff's BUY.COM Marks misleads consumers into believing that Defendant's website is connected or affiliated with Plaintiff. Moreover, by providing links to other e-commerce sites that are direct competitors of Plaintiff's, Defendant is intentionally diverting customers from Plaintiff, resulting in lost Internet traffic and lost sales to Plaintiff.

18. From time to time, Defendant's <buys.com> website also includes a link to "Buy.com." However, when the customer clicks on the "Buy.com" link, the customer is not directed to Plaintiff's website <buy.com>, but is rather redirected to a link page displaying numerous other websites offering goods and services in direct competition with Plaintiff.

19. As of May 6, 2008, Defendant's website <buys.com> indeed included a link to "Buy.com." *See* Exhibit 1.

20. By using the <buys.com> domain name that is confusingly similarly to Plaintiff's trademarks Defendant was and is creating, or attempting to create, an association between the <buys.com> domain name and Plaintiff, and has frustrated or diverted Internet traffic intended for Plaintiff.

21. By virtue of registering and using the <buys.com> website, and diverting Internet traffic intended for Plaintiff, Defendant has caused harm to Plaintiff.

22. Upon information and belief, Defendant's actions have resulted in significant lost sales by consumers who falsely believe that <buys.com> is affiliated or connected to the Plaintiff and the BUY.COM Marks.

## FIRST CAUSE OF ACTION

**(Trademark Infringement Under the Lanham Act, 15 U.S.C. § 1114)**

23. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

24. Defendant has used and is using in commerce the <buys.com> domain name and the name "Buys," which are confusingly similar to Plaintiff's BUY.COM Marks.

25. Defendant's use in commerce of the <buys.com> Internet domain name, the name Buys as an Internet retail space and Defendant's use of those two items in its website, as well as the inclusion of BUY.COM in its website, constitutes a reproduction, copying, counterfeiting, and colorable imitation of the Plaintiff's trademarks in a manner that is likely to cause confusion or mistake or that is likely to deceive customers.

26. By using the foregoing names and phrases that are confusingly similar to the BUY.COM Marks with the knowledge that Plaintiff owns and has used, and continues to use, its trademarks across the United States, Defendant has intended to cause confusion, cause mistake and deceive customers.

27. Defendant is using names and phrases that are confusingly similar to the BUY.COM Marks in connection with the sale, offering for sale, or advertising of services in a manner that is likely to cause confusion or mistake, or to deceive consumers as to an


affiliation, connection or association with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's services or commercial activities by Plaintiff.

28. Defendant is also using names and phrases that are the same and/or confusingly similar to the BUY.COM Marks in the buys.com domain name to cause interest, confusion and to divert Internet users away from Plaintiff's website, <buy.com>.

29. Defendant's use of the names and phrases that are confusingly similar to the BUY.COM Marks has created a likelihood of confusion among consumers who may falsely believe that Defendant's business or the directory website linked to the <buys.com> domain name is associated with Plaintiff's website or that Plaintiff sponsors or approves of Defendant's services or commercial activities.

30. Defendant's acts were committed in willful disregard of Plaintiff's rights and with the recognition that such conduct would confuse the public and would harm the goodwill that Plaintiff has established in its BUY.COM Marks.

31. As a direct and proximate result of Defendant's infringement, Plaintiff has suffered and will continue to suffer, monetary loss and irreparable injury to its business, reputation and goodwill. Plaintiff is entitled to injunctive relief to prevent Defendant's continued infringement of and misuse of Plaintiff's BUY.COM Marks. Unless Defendant is enjoined from continuing its infringing conduct, Plaintiff will suffer harm for which there is no adequate remedy at law. Plaintiff is also entitled to damages, including its lost profits and Defendant's profits from the improper acts alleged herein, in amounts to be proven at trial.

## SECOND CAUSE OF ACTION

**(False Designation of Origin and Unfair Competition Under the Lanham Act, 15 U.S.C. § 1125(a))**

32.  Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

33.  Defendant's use in commerce of the <buys.com> Internet domain name, the name Buys as an Internet retail space and Defendant's use of those two items in its website, constitutes a false designation or origin and/or a false or misleading description or representation of fact, which is likely to cause confusion, cause mistake, or deceive as to affiliation, connection, or association with Plaintiff, or as to the origin, sponsorship, or approval or Defendant's services or commercial activities by Plaintiff.

34.  Defendant's use in commerce of the <buys.com> Internet domain name, the name Buys as an Internet retail space and Defendant's use of those two items in its website, as well as the inclusion of BUY.COM in its website, with knowledge that Plaintiff owns and has used, and continues to use, its trademarks, constitutes intentional and knowing unfair competition, false designation of origin, passing-off and false descriptions or representations in violation of 15 U.S.C. about § 1125(a).

35.  As a direct and proximate result of Defendant's infringement, Plaintiff has suffered and will continue to suffer, monetary loss and irreparable injury because it no longer has complete control of its reputation and the goodwill it has developed in the BUY.COM Marks.

## THIRD CAUSE OF ACTION

**(Cybersquatting Under the Lanham Act, 15 U.S.C. § 1126(d))**

36.  Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

37.  Defendant has registered, trafficked in, and/or used a domain name that is confusingly similar to and/or dilutive of the BUY.COM Marks, which was distinctive at the time Defendant registered, trafficked in, and/or used the buys.com domain name.

8

COMPLAINT

38. Upon information and belief, Defendant has a bad faith intent to profit and divert business from Plaintiff through its unauthorized use and registration of the <buys.com> domain name and use of the BUYS.COM Marks.

39. Defendant's aforementioned acts constitute a violation of 15 U.S.C. § 1126(d)(1).

40. As a direct and proximate result of such conduct, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation and goodwill. Plaintiff is entitled to injunctive relief to prevent Defendant's continued infringement of and misuse of Plaintiff's BUY.COM Marks. Unless Defendant is enjoined from continuing its infringing conduct, Plaintiff will suffer harm for which there is no adequate remedy at law. Plaintiff is also entitled to damages, including its lost profits and Defendant's profits from the improper acts alleged herein, in amounts to be proven at trial.

## FOURTH CAUSE OF ACTION

### (Common Law Trademark Infringement)

41. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

42. By virtue of having used and continuing to use the BUY.COM Marks, Plaintiff has acquired common law trademark rights in the BUY.COM Marks.

43. Defendant's use of names, phrases and a website that is confusingly similar to the BUY.COM Marks infringes Plaintiff's common law trademark rights in the BUY.COM Marks and is likely to cause confusion, mistake or deception among consumers, who will believe that Defendant's activities and/or Internet domain name originate from, or are affiliated with, or are endorsed by Plaintiff when, in fact, they are not.

44. As a direct and proximate result of Defendant's infringement of the Plaintiff's common law trademark rights under California, Plaintiff has suffered, and will continue to suffer, monetary damages and irreparable injury to its business, reputation and goodwill. Plaintiff is entitled to injunctive relief to prevent Defendant's continued infringement of and misuse of Plaintiff's BUY.COM Marks. Unless Defendant is enjoined from continuing its

infringing conduct, Plaintiff will suffer harm for which there is no adequate remedy at law. Plaintiff is also entitled to damages, including its lost profits and Defendant's profits from the improper acts alleged herein, in amounts to be proven at trial.

## FIFTH CAUSE OF ACTION

### (Unfair Competition under California Bus. & Prof. Code § 17200 *et seq.*)

45. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

46. Defendant's use in commerce of names, phrases and a website that is the same and/or confusingly similar to the BUY.COM Marks in connection with Defendant's <buys.com> domain name constitutes unfair, deceptive untrue and/or misleading advertising which is likely to cause confusion, cause mistake, or deceive as to affiliation, connection, or association with Plaintiff, or as to the origin, sponsorship, or approval or Defendant's services or commercial activities by Plaintiff.

47. Defendant's use in commerce of a name, phrase and website that is confusingly similar to Plaintiff's marks with knowledge that Plaintiff owns and has used, and continues to use, its trademarks, constitutes intentional conduct by Defendant to engage in unfair, deceptive, untrue and/or misleading advertising in violation of California Bus. & Prof. Code, §§ 17200 and 17500.

48. As a direct and proximate result of Defendant's violation of California's unfair competition laws, Plaintiff has suffered, and will continue to suffer, monetary damages and irreparable injury to its business, reputation and goodwill.

## SIXTH CAUSE OF ACTION

### (Common Law Unfair Competition)

49. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

50. Defendant's conduct constitutes unfair competition under the common law of the State of California because the continued use by the Defendants of names, phrases and a website that is the same and/or confusingly similar to the BUY.COM Marks in connection

with Defendant's <buys.com> domain name is likely to cause confusion as to the origin, sponsorship, or approval of Defendant's services or commercial activities.

51. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered, and will continue to suffer, monetary damages and irreparable injury to its business, reputation and goodwill.

## SEVENTH CAUSE OF ACTION

### (Declaratory Judgment under 28 U.S.C. § 2201)

52. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

53. Defendant has challenged the validity of the BUY.COM Marks, including filing a series of Petitions for Cancellation against Plaintiff in the United States Patent and Trademark Office to cancel Plaintiff's BUY.COM Marks on the basis that Defendant's use pre-dates the use of Plaintiff's BUY.COM Marks.

54. The cancellation proceeding has just commenced and has not been resolved; therefore, an actual controversy exists between the parties as to the validity of Plaintiff's BUY.COM Marks.

55. Pursuant to 28 U.S.C. § 2201, Plaintiff is entitled to a declaration that its BUY.COM Marks are valid and that such marks should not be cancelled.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Buy.Com, Inc. respectfully requests that this Court:

1. Enter an order preliminarily and permanently enjoining WebMagic Ventures, LLC from using the BUY.COM Marks and/or any other name or mark confusingly similar of the BUY.COM Marks.

2. Order Defendant to take down its website <buys.com> and discontinue all acts which constitute unfair competition, passing off, use of false designations of origin, or false or misleading representations of fact;

COMPLAINT

3. Order Defendant to transfer to Buy.Com, Inc. the domain registration for <buys.com> and any other domain name which they own containing any designation confusingly similar to the BUY.COM Marks;

4. Order Defendant to expressly abandon with prejudice any and all applications to register any trademark or service mark consisting of, or containing, the BUY.COM Marks, or BUYS.COM or BUYS;

5. Order Defendant, pursuant to 15 U.S.C. § 1116(a), to file with this Court and serve upon Buy.Com, Inc. within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which they have complied with the foregoing injunction;

6. Enter an order awarding Buy.Com, Inc. damages sustained as a result of Defendant's wrongful acts complained of herein;

7. Enter an order awarding Buy.Com, Inc. any profits sustained by Defendant as a result of Defendant's wrongful acts complained of herein;

8. Enter an order awarding Buy.Com, Inc. interest and reasonable attorneys' fees, costs and expenses under 15 U.S.C. § 1117(a) and other applicable law; and

9. Enter an order granting all such equitable relief permitted under California Bus. & Prof. Code § 17200 *et seq.;*

10. Enter an order granting Buy.Com, Inc. such other and further relief as the Court deems just and proper.

COMPLAINT

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Buy.Com, Inc. demands a trial by jury on all claims so triable.

DATED: May 6, 2008           DORSEY & WHITNEY LLP

By: _____
    Gregory S. Tamkin

Counsel for Plaintiff,
BUY.COM, INC.

COMPLAINT                        13

# Exhibit A



EXHIBIT 1 PAGE 14

# BUYS ™ Your 1-stop resource!


Travel


Finance

Health

Home


Health
- Health Insurance
- Disability Insurance
- Hair Loss


Home
- Home Loans
- Home Insurance
- Movers

- Debt Consolidation
- Criminal Defense
- Personal Injury Lawyer

*Be sure to try:*
BUYS Games
BUYS Webguide
BUYS Forums
Sign up for our BUYS Newsletter

\* Bookmark this page.

BUYS's™ site, presented by WebMagic, offers a wide variety of other products and services. Ask your account rep!

## Buy Online

### Buying

**Free**

**All Twin City Homes at Homeavenue.com**
Immediate access to virtually every MLS listing plus the majority of "for sale by owner" listings. Multiple photos, detailed info, schedule showings online. No sign up required.
www.HomeAvenue.com - May 6, 2008

**Buy a Home**
First home? Second? Renovation? Download free Homeownership Guides.
www.WellsFargo.com/mortgage - May 6, 2008

**Buy a Home – Edina Realty®**
Browse MLS Listings & Open Houses. View Home Values. Get an Agent Now.
www.EdinaRealty.com - May 6, 2008

**Buying a Home**
Take advantage of Wachovia's low rate home mortgages. Learn more.
www.Wachovia.com - May 6, 2008

**Sotheby's International Realty**
Find and **buy** the luxury home that matches your unique lifestyle.
www.sothebysrealty.com - May 6, 2008

**First Time Home Buyer Grants**
Get $53,000 Gov Assistance Down Payment & More.
www.FirstTimeBuyerMoney.com - May 6, 2008

**Get Debt Free Today**
Borrow Money From People Not Banks Choose Your Own Rate & Amount.
www.PeerLendingNetwork.com - May 6, 2008

**BUYS ™ Your 1-stop resource!**

**Delano Schultz Realty**
Minnesota real estate brokers. Real estate & property auctions.
tryanauction.com - May 6, 2008

**Buy Nintendo Wii Console**
Compare prices on **buy** nintendo wii console at Smarter.com and shop smarter.
www.smarter.com - May 6, 2008

**Buy**
Compare, Save & **Buy** for the whole family.
www.SHOP.com - May 6, 2008

---

*BUYS Wants You To Be Safe This Holiday Season.*
*Please Water Your Christmas Tree!*
*Visit our BUYS TV™ page and watch a dry Christmas Tree Explode in 4 seconds!*

---

Buys.com maintains no relationship with these web sites.
References to specific services or trademarks are not controlled by us and do not constitute or imply any association, endorsement or recommendation.

A WebMagic Production © 2008     We are not looking to sell this domain.